TYSON, Judge.
The indictment charged the appellant with the robbery of Austin Bullard, doing business as Bullard’s Beverage, by taking some $1,118.75, in money and property from his person. The jury found appellant guilty as charged and fixed punishment at 14 years. The trial court then entered judgment in accordance with this verdict.
Austin Bullard testified that on the late evening of May 20, 1975, he was at Bul-lard’s Beverage on Highway 20, in the City of Madison, in Madison County. He stated that two black males entered the store and the appellant first handed him a one-dollar bill and asked for the change for the cigarette machine. Mr. Bullard handed him four quarters and as the appellant turned, his companion drew a pistol on him! Appellant told him to get over against the wall and took out his billfold which contained over $400. His companion then opened the cash register and removed the proceeds and then the two men took a portable radio, pistol, and one case of Millers beer. He estimated the total value of items taken in excess of $1,000., or about $1,100.
After the two men left, he notified the police and they came right over. He testified that he went over to the police station and looked at mug book and selected one individual.
A few days later, Detective Smiley came by the store and handed him six or eight photographs. On this occasion, he selected one photograph as being one of the men in the store on the night of the robbery and that photograph was that of the appellant, Edison Matthews. He testified that later that week, Detective Smiley brought another group of photographs over and as before, without giving any indication as to who the persons were, he also selected one photograph and this too, was of the appellant. This identification was from a group *190 of eight to ten photographs handed him by Officer Smiley.
At the trial, Mr. Bullard made an independent in-court identification of appellant.
Police Officers Smiley and Darrell Hale testified they investigated the robbery of Bullard’s Beverage on the evening of May 23, 1975; they testified Mr. Bullard gave a description of two black males and later identified the appellant from photographs.
Each officer stated that they handed a group of photographs to Mr. Bullard on two separate occasions and that without any suggestion by them whatever, Mr. Bul-lard selected the photograph of the appellant.
Appellant presented the testimony of Bertha Tibbs, who is a sister of appellant and testified on the night in question, appellant spent the night in her home and did not go out. This was corroborated by Jimmy Banks who told of working on an automobile on the night of May 20, 1975, with the appellant.
I
Appellant argues that the accused had a right to counsel at the time of the photographic identification, stating at this point, adversary judicial proceedings had been commenced against him.
We have carefully considered the totality of circumstances presented by this record as required by Simmons v. U. S., 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, and are of the opinion that the in-court identification of appellant was not in any way tainted by the exhibition of the group of photographs to Mr. Bullard, so as to have become unduly suggestive. Terry v. State, 50 Ala.App. 299, 278 So.2d 748, and cases therein cited.
Moreover, as to the issue of the assistance of counsel at the time of the out-of-court photographic identification process, this question has twice been determined adversely to the appellant. McGhee v. State, 48 Ala.App. 330, 264 So.2d 560, and Terry v. State, 50 Ala.App. 299, 278 So.2d 748.
This question was subsequently laid to rest by the Supreme Court of the United States, in U. S. v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619.
We have carefully considered the record and find same free from error, the judgment is therefore
AFFIRMED.
All the Judges concur.